UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALVIN P. USÉ, SR., # 110652                                                                                              PLAINTIFF

v.                                                                                      CIVIL ACTION NO. 3:16cv149-DPJ-FKB

DR. ROLAND ABANAGAN                                                                                              DEFENDANT

ORDER

This pro se prisoner case is before the Court on Defendant Dr. Roland Abanagan's Motion to Dismiss [15]. For the reasons that follow, the motion is denied without prejudice.

I.       Facts and Procedural History

Plaintiff Calvin P. Usé, Sr., an inmate currently incarcerated at the East Mississippi Correctional Facility ("EMCF"), brings this § 1983 lawsuit alleging denial of proper medical care against Dr. Abanagan, a physician affiliated with EMCF. Usé claims that he has "been refused" proper care with respect to "pain in [his] back[,] left leg[,] both feet[,] and left hip." Compl. [1] at 4. The medical records attached to Usé's Complaint show that he is frequently dissatisfied with the rate at which EMCF personnel prescribe and/or dispense pain medication and that he has made multiple requests to see a pain specialist.

Particularly relevant to this case, the December 13, 2015 Administrative Remedy Program ("ARP") form Usé submitted that ultimately led to the filing of this lawsuit complains that "Dr. Abanagan and/or someone has [discontinued] my pain medication . . . three to four months before it was supposed to end." *Id.* at 11–12. EMCF's First Step Response Form notified Usé that he was "seen and treated by Dr. Abanagan on 12-17-15 and put on pain medication at that time" and that "[a]ll orders are being followed as written at this time." *Id.* at 10. Usé responded by alleging that "Dr. Abanagan will not do anything for me but give

[ibuprofen], naprox[e]n, and tyl[e]no[]l which do[] nothing, [they] do not fix or explain the problem in my lower back[,] left hip and leg[,] and both of my feet." *Id.* at 8.  Being unsatisfied with the results of his ARP, Usé filed this lawsuit on February 29, 2016.  He asserts claims against Dr. Abanagan in his official and individual capacities and seeks "a preliminary and permanent injunction ordering Dr. Abanagan to send [him] to a specialist for his pain problems." *Id.* at 5.  Dr. Abanagan waived service of process [14] and moved to dismiss [15].  Usé filed a tardy response [17], and Dr. Abanagan filed a rebuttal [18].  The Court is now prepared to rule.

II.     Standard

Dr. Abanagan has moved for dismissal under Rule 12(b)(6) for failure to state a claim.  Under that rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).  Finally, because Usé is proceeding pro se, the Court must "liberally construe[]" his complaint and filings. *Turner v. Cain*, 647 F. App'x 357, 362 (5th Cir. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  And in the event the Court concludes a pro se complaint is due to be dismissed for

failure to state a claim, the Court should "[g]enerally . . . giv[e] the plaintiff an opportunity to amend." *Lerma v. Falks*, 338 F. App'x 472, 474 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

III.    Analysis

The Eighth Amendment to the United States Constitution prohibits the imposition of "cruel and unusual punishments" on incarcerated individuals. U.S. Const. amend. VIII. "In *Estelle v. Gamble*, the [Supreme] Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs." *Victoria W. v. Larpenter*, 369 F.3d 475, 483 (5th Cir. 2004) (citing *Estelle*, 429 U.S. 97, 103–04 (1976)). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). An inmate who merely "[d]isagree[s] with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Id.* at 292. Finally, "[a] delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm." *Smith v. Millhauser*, 444 F. App'x 812, 813 (5th Cir. 2011).

Dr. Abanagan urges the Court to dismiss Usé's complaint because the factual allegations do not state a facially plausible claim that he "acted with deliberate indifference to Us[é]'s serious medical needs." Def.'s Mem. [16] at 2. For his part, Usé contends that he has met his burden at the pleading stage, noting that Abanagan has ceased his pain medication "for 3 to 6 months at a time for no reason" and "refuses to order his pain medication," causing Usé "und[ue] pain in his back, legs, feet and hands." Pl.'s Mem. [17] at 1, 2.

Dr. Abanagan makes a strong argument that Usé's allegations demonstrate nothing more than "a difference of opinion as to the proper course of treatment" and do not show deliberate

3

indifference. *Trujillo v. Arce*, 109 F. App'x 668, 670 (5th Cir. 2004). That said, Usé does suggest that he was denied pain relief without reason. While this may be somewhat thin, on a Rule 12(b)(6) motion, the Court would generally be inclined to grant the pro se plaintiff leave to amend. *Lerma*, 338 F. App'x at 474. But an amended complaint may be no better and draw another motion under Rule 12. In an effort to more efficiently bring this case to a resolution, and because this presents a close call, the Court will deny Dr. Abanagan's motion without prejudice. Magistrate Judge Ball can conduct a *Spears* hearing and better assess the viability of Usé's claims. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). If Usé cannot better state his claim, then Dr. Abanagan may again seek dismissal.[1]

IV.     Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendant Dr. Roland Abanagan's Motion to Dismiss [15] is denied without prejudice.

**SO ORDERED AND ADJUDGED** this the 20th day of January, 2017.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE

---

[1] It is not entirely clear whether Dr. Abanagan's motion addressed both the official- and individual-capacity claims.